Mr. Chief Justice Sharkey
delivered the opinion of the court.
Cocks, the appellee, had obtained a fieri facias against the good and chattels of Somax Brasher, which he caused to be levied on thirteen bales of cotton, as the property of the defendant in the execution.
The levy was made on the 29th of May, 1832, and the property was claimed by the appellant, and an issue was made up to try the right, which terminated in a finding that the property was liable to. the execution. Tl^e jury also found that the claim was made for delay, and assessed damages. On a motion for a new trial, all the proof was inserted in a bill of exceptions, to the. opinion of the court in overruling- the motion, and this appeal was taken.
The grounds relied on for the appellant, are embraced in two questions. First, that the jury erred in their verdict in not assessing the separate value of each bale of cotton, instead of the gross amount; and secondly, that the court erred in refusing a new trial on the evidence.
The first point depends on the construction to be given to the act of the legislature of 1830. It is contended by the counsel for the appellant, that it was designed by this act to assimilate the trial of the right of property levied on, in all respects after issue made to the action of detinue, and I think the statute fully sustains the position. The 2d section provides that “ su.ch issue shall be tried and governed by the same rules which regulate and govern the trial of an issue in the action of detinue.”
The final judgment given on any such issue, shall have the like effect on the rights of the parties to such issue, as the judgment would have if given in the action of detinue.
The judgment in the action of detinue is in the alternative and gives the party the right of returning any part of the property recovered; a right which he must also possess according to the clear import of this statute, if the finding be against his claim. The law to which this act is an amendment was manifestly defective, in the first place, because the party claiming property *229 levied on was compelled to execute bond in double the amount of the execution; although the value of the property claimed might not amount to half the sum; and in the next place in not providing that the party might be relieved from the condition of his bond as far as the value of any part of the property he might deliver to the officer after verdict against him. These defects are remedied by the present law and the claimant may now prosecute his claim by giving a bond for the fair value of the property, and may deliver any part of the property, paying the value assessed for such as he does not deliver. This must have been the intention of the legislature, for it is always a consequence after judgment in detinue, and the 7th section of the act requires the court to pronounce such judgment as would be pronounced in the action of detinue, for the specific property, if to be had, and if not, for the value. ’ The verdict and judgment in this case, therefore, should have been precisely such as this should have been if the action had been detinue, and the inquiry is, would they be good in that action? Elementary writers lay down the rule in detinue, that the verdict and judgment should be such that a specific remedy may be had for recovery of goods detained, or satisfaction in value for each parcel; and when the action is for several chattels, the jury ought to assess the value of each separately. 1 Chitty’s Pleading, 114. If the thirteen bales of cotton levied on were but one chattel, or each a constituent part of an entire thing, the verdict was right, but I do not think they could be considered as an entire thing or as constituent parts of it. Cotton is the staple article of our commerce, and the term bale conveys to the mind a distinct idea of a parcel or quantity packed together in a particular form, and they may be of different weights, different qualities, and of course of different value. But even if they were of the same weight and value, the finding of the jury was bad, because the claimant had the right to return the whole or any part of the number in discharge of the judgment, paying the value of such as he could not return.
The verdict and judgment being erroneous in this, it will not be necessary to examine the other point made by the counsel.
The judgment must be reversed and a venire de novo awarded.